IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY R. SCHWABLE,

                Plaintiff,                Case No. 3:05 CV 7210

    -vs-

                                                       MEMORANDUM OPINION
CLAUDE L. COATES, et al.,                      AND  ORDER

                Defendant.

KATZ, J.

      Plaintiff Larry R. Schwable has filed suit against Defendant Claude L. Coates arising out of an automobile accident. Defendants have filed a Federal Rule of Civil Procedure 12(e) motion for a more definite statement regarding Plaintiff's Second (Statutory Violations of Truck Driver) and Seventh (Statutory Violations of Truck Company) causes of action (Doc. No. 8). Plaintiff responded (Doc. No. 10), Defendants replied (Doc. No. 11), and Plaintiff sur-replied (Doc. No. 12). For the following reasons, Defendants' motion is denied.

      Federal Rule of Civil Procedure 8(a)(2) requires only "notice pleading." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). A complaint need only provide "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to satisfy the pleading requirements a claimant need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80.

Moreover, courts disfavor motions for more definite statements. *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 989 (N.D. Ohio 1984). A motion for a more definite statement should not be used as a substitute for discovery. *Id*. Hence, a motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail . . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985); *see also Sun Co., Inc. v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 374 (E.D. Pa. 1996).

Here, Defendants object to Plaintiff's inclusion of a range of sections, 49 C.F.R. §§ 350-399, as the source of the statutory violation supporting the Second and Seventh Causes of Action. Defendants complain that the reference to this range of the statute implicates a plethora of subsections, and therefore seek to use a motion for a more definite statement to determine the precise subsection of the statute which forms the basis of Plaintiff's claims. However, "[a] Rule 12(e) motion should not be used simply to ascertain plaintiff's legal theories." *Bryson v. Bank of N.Y.*, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984). In *Bryson*, the plaintiff claimed the defendant violated the Equal Credit Opportunity Act and New York state law. *Id*. at 1308. The court required the plaintiffs to submit a more detailed statement of the facts on which their claims were based, but held that "plaintiffs are not required to submit a statement detailing exactly what sections or subsections of the Equal Credit Opportunity Act, Regulation B, and New York state law [the] acts [underlying the claims] allegedly violated." *Id*. at 1319.

In the instant action, there is enough factual background provided in the complaint to allow the Defendants to admit or deny Plaintiff's factual allegations and to thereby frame an answer. Any

2

uncertainty about the legal basis of the complaint should be amenable to resolution through discovery. At the summary judgment stage, the burden will be on the Plaintiff to meet Defendants' motion for summary judgment as to Counts Two and Seven by articulating which statutory sections, if any, the Defendants violated and by identifying in the record the facts constituting the violation.

Thus, for the aforementioned reasons, Defendants' motion for a more definite statement (Doc. No. 8) is denied.

IT IS SO ORDERED.

                                        s/ *David A. Katz*
                                        DAVID A. KATZ
                                        SENIOR U. S. DISTRICT JUDGE