IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Larry R. Schwable, | Case No. 3:05 CV 7210 |
| Plaintiff, | MEMORANDUM OPINION |
| -vs- | JUDGE JACK ZOUHARY |
| Claude L. Coates, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45) and Defendants' Cross-Motion for Partial Summary Judgment (Doc. No. 47). Pursuant to the Court's oral ruling at the June 26, 2006 final pretrial conference, and for the reasons set forth below, Plaintiff's Motion is granted in part and denied in part, and Defendants' Motion is denied as moot.

**A.  Defendant Coates's Negligence**

Plaintiff has moved for summary judgment on the issue of Defendant Claude Coates' ("Coates") negligence. Specifically, Plaintiff claims that Defendant Coates pleaded guilty to the offense of failing to operate his vehicle in marked lanes, and that violation is sufficient to establish negligence.

First, there is insufficient record evidence showing that Defendant Coates pleaded guilty. Plaintiff has provided a printout from the Maumee Municipal Court as evidence of a guilty plea (Doc. No. 45, Plaintiff's Motion for Partial Summary Judgment, Ex. C). This printout provides the following information:

```
FILE DATE        : 11/06/2003
DATE HEARD       : 11/06/2003
VIOL DATE        : 11/06/2003
FINDING          : WG
PLEA             : WG
PLEA DATE        : 11/06/2003
```

*Id*. The printout does not indicate what "WG" represents, and no further evidence has been introduced to explain this code. Accordingly, as the record exists today, a genuine issue of material facts exists as to whether Defendant Coates pleaded guilty.

Further, even if the record contained sufficient evidence that Coates pleaded guilty, the guilty plea does not constitute negligence as a matter of law. Plaintiff correctly notes that a plea of guilty to a traffic violation which resulted in a motor-vehicle collision is admissible in a subsequent civil action as an admission against interest (Doc. No. 45, Plaintiff's Motion for Partial Summary Judgment, p. 3) (quoting *Wilcox v. Gregory*, 112 Ohio App.3d 516, 518, 176 N.E.2d 523, 525 (1960)). But this admission is not conclusive: it is well-settled that such an admission does not operate as an admission of negligence in a civil action and may be controverted. *See Wilcox*, 112 Ohio App.3d at 520-21, 176 N.E.2d at 527 (citing *Swigart v. Swigart*, 65 Ohio Law Abs. 582, 115 N.E.2d 871 (1953)); *Clark v. Irvin*, 9 Ohio 131, 132-33 (1839). Coates' deposition is replete with evidence controverting Plaintiff's version of events, creating a genuine issue of material fact.

Plaintiff concedes that the issues of proximate cause and liability should be tried by a jury.[1] As a genuine issue of material fact exists as to Coates' alleged negligence, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45) is denied as to this issue.

**B.      Vicarious Liability**

Plaintiff also moved for summary judgment on the issue of vicarious liability. Specifically, Plaintiff contends that Defendant TNT Canada, Inc. ("TNT") exercised control over Defendant Coates sufficient to establish *respondeat superior* liability.

"The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883 (1988) (quoting *Gillum v. Indus. Comm.*, 141 Ohio St. 373, 48 N.E.2d 234, paragraph two of the syllabus (1943)). This query necessarily depends on the facts of each individual case. *Id*.

In the instant action, TNT controlled the means and manner by which Coates performed his job. First, TNT provided Coates with orientation, training, a pre-employment physical, and drug screening (Doc. No. 46, Coates Deposition, at pp. 20-27, 147). Both the tractor and trailer used by Coates were owned by TNT, and TNT's name was prominently displayed on each. *Id*. at 44. TNT's

---

[1] "Accordingly, Plaintiff requests this Court hold that Defendant Coates was negligent in the collision leaving liability and proximate cause of the injury as an issue for the trier of fact" (Doc. No. 49, Combined Reply in Support of Plaintiff's Motion for Partial Summary Judgment and Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment, p. 6).

dispatcher would assign Coates a specific run, and Coates would not know his run until he arrived at TNT's facility. *Id*. at 88-89.

TNT exercised sufficient control over the means and manner by which Coates performed his job. Accordingly, TNT is vicariously liable for any potential negligence committed by Coates. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45) is granted as to the issue of vicarious liability.

**C.     Defendants' Cross-Motion for Partial Summary Judgment**

Defendants filed a Cross-Motion for Partial Summary Judgment (Doc. No. 47), seeking summary judgment on Plaintiff's Second, Third, Fifth, Sixth, Seventh, and Eighth Causes of Action. The parties subsequently filed a stipulated dismissal of these claims which was accepted by the Court (Doc. No. 51). Accordingly, Defendants' Cross-Motion for Partial Summary Judgment (Doc. No. 47) is denied as moot.

**D.     Conclusion**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45) is granted in part and denied in part, and Defendants' Cross-Motion for Partial Summary Judgment (Doc. No. 47) is denied as moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 28, 2006